| | | |
|---|---|---|
| YASHA CLARK & MORGAN WALKER | * | NO. 2023-CA-0093 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| STEPHANIE BRIDGES AND DARREN LOMBARD, IN HIS OFFICIAL CAPACITY AS CLERK OF COURT FOR THE PARISH OF ORLEANS, STATE OF LOUISIANA AND ROBERT KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE | * <br> * <br> * <br> * * * * * * * | STATE OF LOUISIANA |

**DLD**  **DYSART, J., DISSENTS AND ASSIGNS REASONS**

I disagree with the majority's finding that the candidate, Stephanie Bridges, did not sufficiently rebut the plaintiff's prima facie case. Mrs. Bridges testified that she qualified for the office of Civil District Court Judge, Division "B" on the morning of January 25, 2023 at approximately 11:30 a.m. She filed a Notice of Candidacy wherein she certified, among other things, that:

> [i]f I am a candidate for any office other than Unites States senator or representative in congress, that for each of the previous five tax years, I have filed my federal and state income tax returns, have filed for an extension of time for filing either my federal or state income tax return or both, or was not required to file either a federal of state income tax return or both.

Plaintiffs filed the instant suit to disqualify Mrs. Bridges, alleging that she had not filed her tax returns for at least one of the five (5) prior years. The only disputed year was 2021, as the filings for 2017, 2018, 2019 and 2020 were not contested.[1] Admittedly, Mrs. Bridges was late in filing her 2021 return. The testimony reflected that knowing she was required to file a return for 2021 in order to qualify as a candidate, she contacted her tax preparer, Mobile Tax, on January,

---

[1] Four of the five years of returns had been filed. The return in question, 2021, was late for tax filing purposes but no taxes were owed on either return. In fact, the filer was entitled to a refund on both the federal and state tax return.

19, 2023 in order to discuss and present information to prepare the return. A meeting was scheduled for January 25, 2023 at 10:00 a.m., for Mrs. Bridges and her husband, Joe Bridges, to approve and sign the returns. The Bridges appeared at Mobil Tax at 9:00 a.m. on the morning of January 25, 2023, in order to assure sufficient time to review, sign, and file the return prior to Mrs. Bridges qualifying for office.[2]

The Bridges' had a long history of using Mobil Tax as their tax preparers as they had been using the Mobil Tax service since 2007. The Bridges met with Jimmie Brown, a partner of Mobil Tax, at 9:00 a.m. and remained there until 10:30 a.m., when they were informed by Mr. Brown that their 2021 taxes, both federal and state, had been electronically filed ("e-filed").

In addition, Mr. Brown gave copies of each return to the Bridges with a letter addressed to them informing them that their 2021 returns had been filed electronically. At this point Mrs. Bridges drove to the Clerk of Criminal Court office for Orleans Parish and filed her Notice of Candidacy, certifying that she had fulfilled all of the requirements for the office she sought.

Here, the majority reasons that while Mrs. Bridges testified that she "knew" her taxes were filed by Mobil Tax she was unable to produce any evidence that LDR had in fact received her 2021 state return before she qualified for office. The issue here is not proof of receipt of when the Bridges' return was received, but when it was transmitted prior to filing the Notice of Candidacy.

La. Admin. Code tit. 61, pt. I, § 4911(B)(4) provides that "[a] return, report or other document filed electronically is deemed filed on the date transmitted to the department or to a third party acting as the department's agent." The LDR's

---

[2] Anecdotally, I note that Stephanie Bridges filed her Notice of Candidacy on the morning of the first day of qualifying, January 25, 2023. The qualifying period extended through 5:00 pm January 27, 2023. Had she waited until Friday afternoon this exercise would have been unnecessary.

website lists Wolters Kluer TaxWise as an "Approved Software Vendor for Composite Partnership (R-6922) Electronic Filing." As such, TaxWise appears to be authorized by the LDR to act as an agent for electronic filing for state tax returns.

According to the testimony of Gina Brown of Mobil Tax, she personally pushed the button to send the Bridges tax return to TaxWise, a software provider approved by LDR, at 10:30 am on the morning of January 25, 2023. Gina Brown further testified that as there may be some delay between the transmission from Mobile Tax to TaxWise, and from TaxWise to LDR, her receipt for the filing was not received until January 26, 2023. This appears a case of first impression, and whether the candidate in good faith certified that her return had been filed when she possessed written evidence from her long time tax preparer that it had in fact been e-filed.

Our Louisiana Supreme Court has held that:

"[A] court determining whether the person objecting to candidacy has carried his burden of proof must liberally construe the laws governing the conduct of election 'so as to promote rather than defeat candidacy.'… Any doubt concerning the qualifications of a candidate should be resolved in favor of allowing the candidate to run for public office."

*Landiak v. Richmond*, 2005-0758 (La. 3/24/05), 899 So.2d 535, 541. I would clearly distinguish the instant matter from the Supreme Court's rulings in *Russo* and *Braggs*. See *Russo v. Burns*, 14-1963, (La. 9/24/14), 147 So.3d 1111; See also *Braggs v. Dickerson*, 22-01227, (La. 8/13/22) 344 So.3d 63. Those matters involved filings by mail, neither of which were ever received by LDR. This is a case of first impression in that the filing is electronic and was received by LDR, although not instantaneous with the filing due to software allowances.

The trial court found that the testimony of Mrs. Bridges was "authentic and truthful." Certainly, under these circumstances, it appears that the candidate, Mrs. Bridges, possessed the qualifications of office and truthfully affirmed that all of her statements contained in her Notice of Candidacy were true and correct.

For these reasons, I would reverse the decision of the trial court and reinstate Stephanie Bridges as a candidate for the office of Judge, Division "B" of the Civil District Court for the Parish of Orleans.